IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jean Tommie,                           )      C.A. No. 8:09-1225-HMH
                                       )
                  Plaintiff,           )      **OPINION & ORDER**
                                       )
          vs.                          )
                                       )
Orkin, Inc.,                           )
                                       )
                  Defendant.           )

  This matter is before the court on Plaintiff's motion to remand. Plaintiff Jean Tommie ("Tommie") originally filed suit in the Court of Common Pleas of Greenwood County, South Carolina. The complaint alleges claims for breach of contract, breach of contract accompanied by a fraudulent act, fraud, and a violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(A), against the Defendant. On May 11, 2009, the Defendant removed the case to federal court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. The complaint alleges an unspecified amount of damages sought. In the motion to remand, Tommie states that "the amount in controversy is less than $75,000.00." (Mot. Supp. Remand 1.) Tommie also provides that she "will neither seek, nor accept more than $74,999 in satisfaction of her claims against Orkin, Inc. in relation to the above-referenced civil action." (Mot. Remand Ex. 1 (Tommie Aff. ¶ 5).) Tommie filed the instant motion to remand on June 25, 2009. Defendant did not file a response in opposition.

  Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A post-removal

1

event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995) (recognizing that under 28 U.S.C. § 1367 retaining state law claims in a diversity action after a post-removal event reduces the amount in controversy below the jurisdictional limit is a matter within the sound discretion of the district court). Nevertheless, various jurisdictions have found that a post-removal stipulation "that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3725, at 118 (3rd ed. 1998); see also Ferguson v. Wal-Mart Stores, Inc., No. 94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (Internal citation and quotation marks omitted.)); Compare Woodward v. Newcourt Commercial Fin. Corp., 60 F. Supp. 2d 530, 532-33 (D.S.C. 1999) (distinguishing Ferguson).

The complaint requests an unspecified amount of damages. The court interprets Tommie's statement in the motion as to the amount in controversy as a stipulation that she

cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

It is therefore

**ORDERED** that Plaintiff's motion to remand, docket number 10, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenwood County, South Carolina. Furthermore, with respect to all claims, Plaintiff is barred from recovering a total amount of actual and punitive damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 15, 2009